NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued August 5, 2008
Decided October 15, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 07-3559

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>HUAN NGUYEN,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin.<br><br>No. 07-CR-045-S-01<br><br>John C. Shabaz,<br>*Judge.* |

**O R D E R**

Huan Nguyen was charged and pleaded guilty to possessing with intent to distribute marijuana, *see* 21 U.S.C. § 841(a)(1); distributing marijuana, *see id.*; and conspiring to possess with intent to distribute marijuana, *see id.* §§ 846, 841(a)(1).  The district court sentenced him to a total of 121 months' imprisonment.  Nguyen appeals and contends that the sentencing court erred in applying a two-level upward adjustment after finding that he

possessed a firearm in connection with his drug activity.  Nguyen also argues that the court improperly denied him a two-level reduction for acceptance of responsibility.   We affirm.

**Background**

Police officers in Minneapolis, Minnesota, and Oneida County, Wisconsin, investigated a drug-trafficking operation that ultimately led them to Huan Nguyen.  In late 2005 the officers arranged several controlled buys of cocaine and marijuana between a confidential informant and Darryl Chapman.  When they arrested Chapman in January 2006, he named Nguyen as his supplier.  Based on Chapman's statements, officers went to Nguyen's fast-food restaurant one week later and placed him under arrest.  At the time of his apprehension, Nguyen was carrying a handgun and had a permit to purchase the gun as well as a permit to carry a concealed weapon.  The officers also searched Nguyen's home and found 1.5 kilograms of marijuana and over $116,000 in cash.  According to the presentencing report, some of that money, $2,700, had been used in one of the controlled buys of cocaine and marijuana.[1]  Nguyen had not yet been indicted at the time of his arrest, so the officers released him from custody.  Then in April 2007, after Nguyen had been issued an indictment on ten counts of possession, sale, and conspiracy to sell cocaine and marijuana in the Western District of Wisconsin, officers arrested him at his home and at this time found additional marijuana, drug paraphernalia, and roughly $14,000 in his bedroom, and a second handgun, distinct from the one Nguyen possessed at the time of his arrest, was found in his dresser drawer.

In August 2007 Nguyen was charged and entered a plea of guilty to the three earlier-mentioned counts.  After the acceptance of his plea, the assigned probation officer prepared a presentence investigation report, and in the report she included the 2,608 grams of cocaine that Chapman had sold as part of Nguyen's relevant conduct.  Nguyen denied that he supplied Chapman with cocaine, and pointed out that the officers did not find cocaine either in his home nor in his possession at the time of his arrest.  The probation officer maintained that Nguyen was Chapman's supplier, and because Nguyen failed to admit his involvement with the cocaine, the officer suggested that the court should deny him a downward adjustment for acceptance of responsibility.

At sentencing the government called Chapman as a witness.  Chapman testified that he had lived with Nguyen for approximately five years, and during that time he had observed Nguyen store cocaine in his refrigerator as well as marijuana in his basement.  In

---

[1] The record does not specifically reveal how it was known that the $2,700 came from the previous transaction. Presumably, the bills were marked.

2002 Chapman agreed to sell marijuana, which he procured from Nguyen.  According to Chapman, after he got married in December 2003, he and his wife moved from Nguyen's home in Minneapolis to Wisconsin.  Nguyen and Chapman continued their business relationship, and Chapman started selling cocaine as well as marijuana.  Chapman testified that he and his wife would drive to Nguyen's home or restaurant to pick up the drugs and also stated that he generally would put the cocaine and marijuana into black socks to avoid detection.  According to Chapman, he obtained the cocaine that he sold to the confidential informant from Nguyen.

Chapman's wife also took the stand and testified that, after she and her husband moved to Wisconsin in early 2004, she drove them to either Nguyen's home or restaurant at least once a week and helped her husband pick up and deliver drugs.[2]  Chapman's wife said that after they picked up the marijuana and cocaine, she would assist her husband place the drugs into black socks, and her husband would then sell the drugs.  According to Chapman's wife, Nguyen was her husband's only drug source.

An agent from the Drug Enforcement Administration also testified that  he had searched Nguyen's residence in January 2006 and subsequently arrested him at his home in April of 2007.  During the first search, the agent found over $116,000 in cash, over a kilogram of marijuana, and ammunition in Nguyen's basement.  And in the second search of Nguyen's home, the agent again discovered money and marijuana in the basement, and also found a handgun nearby.

The district court found that Chapman and his wife were credible witnesses, and also since Nguyen had been less than truthful in denying that he distributed cocaine, the court concluded that he failed to qualify for a reduction for acceptance of responsibility. The court also found that Nguyen was responsible for supplying Chapman with the marijuana and cocaine.  Furthermore, the sentencing judge also added an additional two levels to Nguyen's base offense level because a gun was discovered present or in close proximity to the drug paraphernalia in his home, and it was not clearly improbable that the gun was connected to the offense.  *See* U.S.S.G. § 2D1.1(b)(1) cmt. n.3. Nguyen's total offense level of 30, combined with a criminal history category I, resulted in a guidelines imprisonment range of 97 to 121 months.  Nguyen was sentenced to 121 months.

---

[2] Chapman's wife did not specify how long her weekly trips to buy drugs from Nguyen continued, but she testified that she and her husband purchased drugs from Nguyen as late as December 2005.

## Analysis

Initially Nguyen argues that the district court erred in increasing his offense level under U.S.S.G. § 2D1.1(b)(1) for his using a handgun while in the commission of a drug offense. We review the court's factual findings at sentencing for clear error. *See United States v. Idowu*, 520 F.3d 790, 793 (7th Cir. 2008); *United States v. Womack*, 496 F.3d 791, 797 (7th Cir. 2007). Before applying the upward adjustment, the district court found, by a preponderance of the evidence, that Nguyen possessed the gun. *See United States v. Olson*, 450 F.3d 655, 684 (7th Cir. 2006); *United States v. Starks*, 309 F.3d 1017, 1026-28 (7th Cir. 2002). The commentary to this section provides that the adjustment be applied if the weapon was present, or in close proximity, unless it is clearly improbable that the weapon was connected with the offense. U.S.S.G. § 2D1.1(b)(1) cmt. n. 3; *see Starks*, 309 F.3d at 1026.

Nguyen asserts that he had been a lawful gun owner for at least nine years before he became involved with drugs. But the fact that he possessed the weapon legally does not make it clearly improbable that Nguyen used it to further his drug activity. *See United States v. Pigee*, 197 F.3d 879, 892-93 (7th Cir. 1999) ("In its discussions on the application of the weapons enhancement, this court has rejected arguments by defendants that the mere presence of firearms in their residences does not warrant application of the enhancement provided in § 2D1.1(b)(1)."); *United States v. Grimm*, 170 F.3d 760, 767-68 (7th Cir. 1999) (finding it not clearly improbable that licensed gun owner used weapon to help further delivery of drugs). The DEA agent found Nguyen's gun in near proximity to a large amount of cash and a small amount of marijuana, and, as we have noted, "firearms found in close proximity to illegal drugs create a presumption that they are possessed in connection with the drug offense." *United States v. Luster*, 480 F.3d 551, 558 (7th Cir. 2007). And though Nguyen stated that he used the weapon only to protect his restaurant, we agree with the trial judge's ruling that he has failed to rebut the presumption that he also used it to further his drug activity. *See Idowu*, 520 F.3d at 795.

Nguyen also contends that the sentencing court erred in denying him credit for acceptance of responsibility, *see* U.S.S.G. § 3E1.1. A defendant is not automatically entitled to receive a reduction in his sentence with the entry of a plea of guilty; but he must also demonstrate that he is entitled to it. *United States v. Gordon*, 495 F.3d 427, 431 (7th Cir. 2007). We review the district court's denial of a reduction in offense level for acceptance of responsibility under the clear error standard. *See United States v. Silvious*, 512 F.3d 364, 370 (7th Cir. 2008); *United States v. King*, 506 F.3d 532, 535 (7th Cir. 2007). In this case the district court denied the reduction because Nguyen refused to admit that he had supplied Chapman with cocaine, which conflicted with the other more convincing testimony offered. *See generally United States v. Chen*, 497 F.3d 718, 720 (7th Cir. 2007) (noting that defendant

who denies relevant conduct that court determines to be true has not accepted responsibility for his actions ).  Nguyen argues that Chapman and his wife were the "sole reason for consideration of cocaine" and he contends that they were not credible witnesses, but "as a matter of sound jurisprudence we do not second-guess the sentencing judge's credibility determinations.  For they are in the best position to observe the verbal and non-verbal movement and behavior of the witnesses focusing on the subject's reactions and responses, . . . their facial expressions, attitudes, tone of voice, nervousness, posture, and body movements . . . in contrast with merely looking at a cold appellate record." *United States v. Woods*, 288 F.3d 482, 484 (7th Cir. 2000) (internal quotation marks omitted).  *See also  United States v. Hernandez-Rivas*, 513 F.3d 753, 758 (7th Cir. 2008); *United States v. Fiasche*, 520 F.3d 694, 697 (7th Cir. 2008); *United States v. Peterson-Knox,* 471 F.3d 816, 823 (7th Cir. 2006). The trial court determined that Chapman and his wife were credible and that Nguyen was less than truthful, thus the court refused to grant him a reduction for acceptance of responsibility.  None of these findings were in error.

We AFFIRM.