NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 19, 2008
Decided November 21, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1669

| | |
|---|---|
| UNITED STATES OF AMERICA | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Indiana, |
| | Hammond Division. |
| *v.* | |
| | No. 2:06CR190 |
| DELVUN ROWLETT, | |
| *Defendant-Appellant.* | Rudy Lozano, |
| | *Judge.* |

**O R D E R**

A jury found Delvun Rowlett guilty of possessing a firearm as a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). After applying a two-level sentencing enhancement for obstruction of justice because of Rowlett's perjured testimony, *see* U.S.S.G. § 3C1.1, the district court calculated a guidelines imprisonment range of 63 to 78 months. Rowlett argued for a below-guidelines sentence based on his alleged diminished mental capacity, but the court sentenced him to 70 months' imprisonment. Rowlett appeals his sentence. Because the sentence is reasonable, we AFFIRM.

At approximately 1:30 a.m. on May 17, 2006 Officer John Breitweiser stopped a Buick sedan for failing to signal and because the driver was not wearing a seat belt.  As Officer Breitweiser approached the car, he saw an AK-47 assault rifle on the backseat.  Rowlett, the front-seat passenger, exclaimed: "Hey, sir, that's my gun.  I just got shot at the other day.  I carry it for protection."  While Rowlett continued volunteering statements about why he owned the gun, the officer noticed a moderate odor of alcohol on his breath, but determined that he was not intoxicated.  Officer Breitweiser then ran the firearm through radio dispatch, which indicated that the gun had been reported stolen.  Because Rowlett admitted that he owned the weapon, Breitweiser arrested him for possession of a stolen firearm.

In September 2006 a grand jury returned a one-count indictment charging Rowlett with one count of possessing a firearm as a felon.  *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The magistrate judge ordered Rowlett to undergo a mental competency examination.  Dr. Christine Scronce, noting that Rowlett "demonstrated no mental problems that would substantially impede his understanding of or ability to participate in the proceedings," found him competent to stand trial.  At trial Officer Breitweiser testified about the traffic stop and Rowlett's arrest.  The government then called Brealon Miller, the car's driver, who testified that he had known Rowlett for about one and one-half years at the time of the incident.  He said that, on the evening in question, he met up with Rowlett in the afternoon, and that Rowlett showed him the firearm, boasting that he had obtained it "off the streets."  When Miller returned to Rowlett's house later in the night, Rowlett approached Miller's car with the AK-47 in his hands.  Miller testified that he told Rowlett not to bring the firearm into the car, but that Rowlett returned a few minutes later, unbeknownst to him, carrying the firearm inside his jacket.  After being pulled over by Officer Breitweiser about five hours later, Miller testified that he heard Rowlett say "Officer, that's my gun," and that he "shouldn't have brought it."  Finally, according to Miller, at no time between when he picked Rowlett up at 8:00 p.m. and when they were pulled over at 1:30 a.m. did he see Rowlett drink any alcohol.

Rowlett, testifying in his own defense, stated that on the day in question he began drinking at 11:30 a.m.  After drinking all day, Rowlett went to Miller's girlfriend's house where, without Miller, he continued drinking from about 8:30 p.m. until midnight.  Because he was "so drunk" and didn't want to walk home, Rowlett called Miller, who picked him up from his girlfriend's home a little after midnight.  Rowlett denied having been with Miller earlier in the day or having shown the firearm to Miller.  And he testified that despite being drunk, he recalled telling the officer that he did not have a weapon and in fact never claimed that the AK-47 belonged to him.  After the conclusion of the two-day trial, the jury found Rowlett guilty of being a felon in possession of a firearm.

Following his conviction Rowlett filed a sentencing memorandum, contesting the PSR's recommendation that he receive a two-level enhancement for obstruction of justice. *See* U.S.S.G. § 3C1.1.  The district court, having examined the mental health report and the arguments from both sides, applied the two-level sentencing enhancement because Rowlett had "intentionally and willfully testified falsely."

Based on the enhancement the court found Rowlett's guidelines range to be 63 to 78 months' imprisonment.  Rowlett then argued for a below-guidelines sentence, stating that he had been "respectful . . . at all times," and that there were periods during the trial when he wasn't "getting it."  The government responded that the need for deterrence, Rowlett's criminal history, and the seriousness of the offense made a within-guidelines sentence appropriate.  Taking into account the factors in 18 U.S.C. § 3553(a), including the need for deterrence, the seriousness of the offense, and Rowlett's inability to accept responsibility, the district court found that Rowlett was "not learning [his] lesson," and thus sentenced him to 70 months' imprisonment.

Rowlett argues on appeal that the district court erred at sentencing by failing to explain why it rejected his diminished mental capacity argument for a below-guidelines sentence.  We review Rowlett's 70-month sentence both for procedural error and substantive reasonableness.  *See United States v. Carter*, 538 F.3d 784, 789 (7th Cir. 2008).  The district court must give defendants an opportunity to point out any § 3553(a) factors that might warrant a below-guidelines sentence and must consider those factors.  *United States v. Jung*, 473 F.3d 837, 844 (7th Cir. 2007).  But, so long as the court's decision is procedurally sound, we will uphold the sentence if the district court offered "an adequate statement of reasons, consistent with § 3553(a), for imposing such a sentence."  *United States v. McIntyre*, 531 F.3d 481, 483 (7th Cir. 2008); *see United States v. King*, 506 F.3d 532, 536 (7th Cir. 2007).  A properly calculated within-guidelines sentence is, ultimately, presumed reasonable.  *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Arceo*, 535 F.3d 679, 687 (7th Cir. 2008).

Here, the district court considered both parties' arguments regarding the two-level sentencing enhancement for obstruction of justice.  After concluding that the enhancement was necessary because Rowlett had knowingly offered false testimony, the court arrived at a guidelines range of 63 to 78 months.  Rowlett does not contest this conclusion on appeal.

Rowlett, instead, argues that the district court erred by failing to give his diminished capacity argument adequate consideration.  He points out that at sentencing he requested a below-guidelines sentence because the mental health report had labeled him of below-average intelligence and found him to be in the lower fifth percentile on a verbal test score. The government, in response, argued for a within-guidelines sentence, pointing out

Rowlett's prior conviction and the seriousness of the offense. Having considered these arguments, the district court found that a within-guidelines sentence was appropriate because Rowlett was not "learning [his] lesson" and needed to be deterred.

Rowlett's current argument has no basis in the facts. The district court explicitly addressed his diminished mental capacity argument, determining that his testimony had been "clearly perjurious and intentional." The court also acknowledged the mental health report's findings that Rowlett had been "competent to stand trial." Finally, the court took into account the nature of the offense, the safety of the public, and "all the factors in 3553(a)" in sentencing Rowlett to 70 months' imprisonment.

Rowlett's citation to *United States v. Miranda*, 505 F.3d 785 (7th Cir. 2007), has no relevance to this case. Unlike the defendant in *Miranda*, Rowlett does not have a serious mental illness, the district court in fact addressed his diminished capacity argument, and the court had the chance to personally observe Rowlett testify at trial. Moreover, Rowlett presented no evidence at sentencing detailing how his alleged mental incapacity mitigated the other § 3553(a) factors or reduced the need for deterrence.

Accordingly, we AFFIRM Rowlett's conviction and sentence.