NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 24, 2009
Decided June 25, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3253

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> JAIME SANDOVAL-OCAMPO, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Eastern District of Wisconsin. <br><br> No. 01-CR-188 <br><br> Charles N. Clevert, Jr. <br> *Judge*. |

**O R D E R**

Jaime Sandoval distributed large quantities of drugs in Milwaukee, Wisconsin, as part of a drug-trafficking ring, and when agents arrested Sandoval at his home, they found a gun. He was charged with conspiring to distribute cocaine and marijuana, 21 U.S.C. §§ 846, 841(a)(1), and with using a telephone to facilitate the distribution of drugs, *id.* § 843(b). Sandoval was released pending trial, but he absconded in February 2003 shortly after the district court had denied his motions to suppress the evidence seized from his apartment along with his post-arrest statements.

Sandoval remained a fugitive until he was finally caught in August 2007, and during those years, he assumed a new identity and moved to three different states. Once back in Wisconsin, Sandoval pleaded guilty to the conspiracy count and a new charge of failing to appear in court, *see* 18 U.S.C. § 3146(a)(1). He was sentenced to a total of 97 months' imprisonment.

Sandoval filed a notice of appeal, but his appointed lawyer now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Sandoval has filed a response opposing counsel's submission. *See* Cir. R. 51(b). We limit our review to the potential issues identified in counsel's brief and Sandoval's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel has evaluated whether Sandoval could challenge either the voluntariness of his guilty pleas or the adverse ruling on his motions to suppress. But we need not discuss the guilty pleas or the plea colloquy because Sandoval has made clear in his 51(b) response that he wishes only to challenge his sentence and does not want his guilty pleas set aside. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). And because those pleas were unconditional, any appellate issue concerning the suppression ruling necessarily would be frivolous. *See United States v. Villegas*, 388 F.3d 317, 322 (7th Cir. 2004); *United States v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001). We thus limit our discussion to potential challenges to Sandoval's sentence.

In the plea agreement, the government promised to recommend a three-level downward adjustment for acceptance of responsibility. Nothing was said in the written agreement about the possibility of an increase for obstruction of justice based on Sandoval's flight to avoid prosecution. Sandoval acknowledged, however, both in the written plea agreement and again during the plea colloquy, that the parties' understandings did not bind either the probation officer, who would make her own recommendations, or the sentencing judge, who would ultimately determine Sandoval's imprisonment range and sentence. And during the plea colloquy, Sandoval assured the district court that no one had promised him a particular sentence and that he understood that the court and probation officer were not parties to the plea agreement.

The probation officer determined that Sandoval was responsible for 652 grams of cocaine and assigned a base offense level of 26. *See* U.S.S.G. § 2D1.1(c)(7). After adding two levels for Sandoval's possession of the gun found in his house, *see id.* § 2D1.1(b)(1), the probation officer added two more levels for obstruction of justice, *see id.* § 3C1.1. And because of the increase for obstruction, the probation officer refused to follow the government's recommendation that Sandoval be credited for acceptance of responsibility.

*See id.* § 3E1.1.  This total offense level of 30, combined with a criminal history category of I, yielded an imprisonment range of 97 to 121 months.  Sandoval's conviction for failure to appear did not affect this range because the § 3146 violation was grouped with the drug conspiracy, which carried the higher offense level.  *See id.* §§ 2J1.6 cmt. nn. 2-3, 3C1.1 cmt. n.8, 3D1.2.

At sentencing the district court accepted the probation officer's recommendation that Sandoval did not deserve a downward adjustment for acceptance of responsibility because he had absconded for nearly four years, assumed a new identity, and moved to three different states.  The district court also adopted the probation officer's other recommendations and imposed a prison term of 97 months, the low end of the range.  Had the court granted a three-level decrease for acceptance of responsibility and not added two levels for obstruction of justice, Sandoval's total offense level would have been 25 and his imprisonment range 57 to 71 months.

Counsel considers challenging the upward adjustment for obstruction of justice.  As counsel recognizes, however, any argument about that adjustment would be frivolous because Sandoval fled while on pretrial release, assumed a new identity, and evaded authorities for four years.  *See id.* § 3C1.1 cmt. n. 4(e); *United States v. King*, 506 F.3d 532, 535 (7th Cir. 2007); *United States v. Porter*, 145 F.3d 897, 903-04 (7th Cir. 1998).

Counsel also considers arguing that the district court committed clear error by rejecting the government's recommendation that Sandoval receive a reduction for acceptance of responsibility.  Our review of the court's finding would be for clear error, *see United States v. Samuels*, 521 F.3d 804, 817 (7th Cir. 2008), and we agree with counsel that the potential argument is frivolous.  A district court is not required to accept the government's sentencing recommendations, *United States v. Marty*, 450 F.3d 687, 691 (7th Cir. 2006), and, indeed, we presume that an upward adjustment for obstructing justice precludes a downward adjustment for accepting responsibility, *see United States v. Krasinksi*, 545 F.3d 546, 554 (7th Cir. 2008); *United States v. Partee*, 301 F.3d 576, 580-81 (7th Cir. 2002).  The district court was entitled to abide by that presumption because Sandoval evaded justice for four years before pleading guilty.

Finally, in his Rule 51(b) response, Sandoval proposes to argue that the plea agreement obligated the district court to impose a sentence within a range of 57 to 71 months.  His argument, which presumes that the court's findings as to acceptance of responsibility and obstruction of justice are erroneous, would be frivolous.  The plea agreement does not promise Sandoval a sentence within a particular range; in fact, the agreement does not even *recommend* a proposed range.  As relevant here, the government simply agreed to recommend a decrease for acceptance of responsibility, and that promise

was fulfilled.  More importantly, as the district court reminded Sandoval during the plea colloquy, the plea agreement did not bind the probation officer or the court.  Thus, even if the agreement had included a recommended range of imprisonment, the court would not have been obligated to impose a sentence within that range.  *See Marty*, 450 F.3d at 691.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.