**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2010
Decided May 26, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-1679

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | 06 CR 324-23 |
| JOHNEAK JOHNSON *Defendant-Appellant*. | Samuel Der-Yeghiayan, *Judge*. |

**O R D E R**

Johneak Johnson pleaded guilty to possessing with intent to distribute 3.2 grams of crack cocaine, *see* 21 U.S.C. § 841(a)(1), and the district court sentenced him below the applicable sentencing guidelines range to 136 months' imprisonment. As part of a plea agreement, the government dismissed a separate count of conspiracy and an allegation of forfeiture, and Johnson waived his right to appeal his conviction and sentence. Johnson filed a notice of appeal anyway, and his appointed counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she has concluded that any argument would be frivolous in light of the appeal waiver. Johnson has not responded to counsel's motion. *See* CIR. R. 51(b). Our review is limited to the potential issues identified by counsel in her facially adequate brief. *See United States v. King*, 506 F.3d 532, 534 (7th Cir. 2007).

Johnson does not want his guilty plea set aside, so counsel correctly refrains from discussing the voluntariness of the plea or the adequacy of the plea agreement. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel does consider whether Johnson could challenge his sentence, but deems any such argument precluded by the broad appeal waiver included in his plea agreement. That agreement provides that Johnson "knowingly waives the right to appeal . . . any part of the sentence (or the manner in which that sentence was determined)." Because the appeal waiver stands or falls with the plea agreement, counsel properly concludes that any potential challenge to Johnson's sentence would be frivolous. *See Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008); *United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.