NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2010
Decided November 9, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2007

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:09-CR-30100-001-WDS |
| ALEJANDRO VILLA-GOMEZ, *Defendant-Appellant.* | William D. Stiehl, *Judge.* |

**O R D E R**

Alejandro Villa-Gomez pleaded guilty to one count of conspiracy to possess and distribute cocaine and two counts of distribution. See 21 U.S.C. §§ 841(a)(1), 846. The district court sentenced him to a total of 168 months' imprisonment. Villa-Gomez filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738 (1967). Villa-Gomez has not responded to counsel's motion. See CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Villa-Gomez has not indicated that he wants his guilty pleas set aside, so counsel appropriately omits discussion of possible challenges to the plea colloquy or the

voluntariness of the pleas. See *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Counsel does evaluate, however, one potential argument that touches on the plea colloquy: whether Villa-Gomez could argue that translation errors during the colloquy undermined the accuracy of the information relied upon by the district court at sentencing. Villa-Gomez, a Mexican national, speaks limited English, and at sentencing he recanted admissions made during the plea hearing (and previously confirmed in a signed stipulation). Villa-Gomez had acknowledged that he engaged in multiple cocaine transactions with his codefendant during the charged conspiracy, that he also was guilty of the substantive distribution charges, and that the conspiracy involved more than 5 kilograms of cocaine. As we understand counsel's submission, Villa-Gomez apparently now contends that the official court interpreter caused him to unwittingly make these admissions, which he now contends are untrue. Counsel is correct, however, that this claim necessarily would be frivolous if made on direct appeal because there is no record support for it. See *United States v. Johnson*, 248 F.3d 655, 663 (7th Cir. 2001); *United States v. Cirrincione*, 780 F.2d 620, 634 (7th Cir. 1985). Indeed the record refutes Villa-Gomez's effort to blame the interpreter for his in-court admissions. Before the plea colloquy, Villa-Gomez already had executed both Spanish and English versions of the stipulation, in which he admits both his guilt and the drug quantity. Counsel does not suggest that the two versions differ. Nor has Villa-Gomez said that he cannot read Spanish, so his signature on the Spanish-language version undercuts his allegation that he misunderstood the interpreter when the English version was recited and translated during the plea colloquy. Villa-Gomez never suggested during the colloquy that he was confused about the proceeding or the admissions he was making; only when he later reviewed the presentence investigation report (with an interpreter) did Villa-Gomez first complain about the competency of the interpreter who was present during the colloquy.

Counsel next considers but rejects as frivolous an argument that the district court erred by refusing Villa-Gomez an offense-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, and instead imposing an increase for obstruction of justice, *id.* § 3C1.1. But we would review the court's underlying factual determinations at sentencing for clear error, *United States v. Williams*, 553 F.3d 1073, 1081 (7th Cir. 2009); *United States v. Krasinski*, 545 F.3d 546, 554 (7th Cir. 2008); *United States v. King*, 506 F.3d 532, 535 (7th Cir. 2007), and the record refutes any argument Villa-Gomez might advance. He recanted a stipulation to his guilt and to the drug quantity that was "even better than a jury's finding beyond a reasonable doubt." See *United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002). That stipulation was backed by drug transactions between Villa-Gomez and government informants, along with surveillance, voice recordings, information from his codefendant and others, and even Villa-Gomez's own post-arrest interviews. And yet at sentencing Villa-Gomez testified that he was not involved in any drug dealing and did nothing other

than transport some currency of unknown origin—$90,000 was seized from his car during the investigation—for a friend who might have been a drug dealer. We would uphold an obstruction increase where the district court properly concluded that a defendant willfully provided false testimony regarding a material issue, see *United States v. Johnson*, 612 F.3d 889, 893 (7th Cir. 2010); *United States v. Bryant*, 557 F.3d 489, 501 (7th Cir. 2009), and acceptance of responsibility reductions rarely, if ever, accompany obstruction increases, U.S.S.G. § 3E1.1 cmt. n.4.

Finally, counsel evaluates whether Villa-Gomez could argue that the district court should have imposed a prison sentence below the 10-year mandatory minimum. But once the district court concluded that the conspiracy involved at least 5 kilograms of cocaine, the 10-year statutory minimum applied. See 21 U.S.C. § 841(b)(1)(A); *United States v. James*, 487 F.3d 518, 530 (7th Cir. 2007). And counsel identifies no provision that would have permitted the district court to deviate from that minimum. Villa-Gomez was ineligible for a "safety valve" reduction, see 18 U.S.C. § 3553(f), U.S.S.G. § 5C1.2, and the government did not move for a reduced sentence for cooperation, 18 U.S.C. § 3553(e); *Melendez v. United States*, 518 U.S. 120, 125-26 (1996); *United States v. Burnside*, 588 F.3d 511, 521 n.5 (7th Cir. 2009).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.