# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-2427

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSE GUADALUPE PEREZ-MOLINA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 09-40092-001—**Joe Billy McDade**, *Judge.*

ARGUED NOVEMBER 9, 2010—DECIDED DECEMBER 3, 2010

Before POSNER, TINDER, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Jose Guadalupe Perez-Molina pled guilty to unlawful entry into the United States following removal, see 8 U.S.C. §§ 1326(a) and (b)(1), and was sentenced to 34 months in prison, more than twice as long as the high end of the applicable sentencing guideline range. On appeal Perez-Molina argues that the court did not adequately justify imposing a sentence above the guideline range. We affirm. The district court

acted well within its discretion by imposing a higher sentence to deter the defendant from continued reentry and criminal activity in the United States.

Perez-Molina has a history of unlawfully entering the United States and committing crimes while here. He was first removed to Mexico in 2004 after being convicted in Arizona courts twice for assaulting his girlfriend and once for theft. Within a week of that removal, border patrol agents arrested him for illegal entry and he was removed a second time. Two days later he was again arrested in Arizona. In June 2008 he was removed a third time. In October 2009 Illinois police arrested Perez-Molina for burglary. He was convicted in state court of burglary.

This time around, Perez-Molina was also charged with and pled guilty to the federal crime of unlawful reentry after an earlier removal following conviction for a felony. The government recommended a 16-month sentence, the high end of the applicable guideline range. At the first sentencing hearing, the court stated its intention to sentence Perez-Molina to 36 months, expressing concern that Perez-Molina would be likely to re-enter the United States and commit further crimes. The court added, "I don't think a sentence of 10 to 16 months [the calculated range] where he has already served almost half of that will accomplish anything." Citing U.S.S.G. § 4A1.3, the guidelines' policy statement regarding upward departures for criminal history, the court explained that an above-range sentence was needed to deter Perez-Molina from continuing to enter

the United States illegally and from committing further crimes here. Perez-Molina's counsel objected that he had no notice of the court's intent to sentence above the range. The court agreed to continue the hearing until the following week to give the defense a further opportunity to address the issue. (Because the sentencing guidelines are no longer mandatory, the district court was not required to grant the continuance, see *Irizarry v. United States*, 553 U.S. 708, 715-16 (2008), but the continuance was a reasonable and fair-minded response to the objection.)

At the second hearing, the court reduced the planned sentence to 34 months and reaffirmed that a sentence greater than 16 months was needed to "encourage him to live a law-abiding life and not get arrested or brought to the attention of the police." The court made clear that the sentence was "not a criminal history departure" (a term defense counsel had used), but simply a sentence above the guidelines range based on the court's authority under 18 U.S.C. § 3553(a).

On appeal Perez-Molina argues that the district court abused its discretion by not adequately justifying its above-guideline sentence. When sentencing above an applicable guideline range, a district court must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance." *Gall v. United States*, 552 U.S. 38, 50 (2007); *United States v. Miller*, 601 F.3d 734, 739 (7th Cir. 2010). Perez-Molina argues that the district court's justifications for his sentence cannot be distinguished

from those we deemed insufficient in *United States v. Castro-Juarez*, 425 F.3d 430 (7th Cir. 2005), also involving a defendant convicted of unlawful entry after removal following a felony conviction. In *Castro-Juarez*, the district court failed to single out any factor in 18 U.S.C. § 3553(a) that warranted an above-guideline sentence other than concerns about criminal history encompassed by its reference to § 4A1.3, which did not justify sentencing the defendant to more than twice the high end of the guideline range. 425 F.3d at 436-37.

Although district courts may apply the departure guidelines by way of analogy in analyzing the § 3553(a) factors, they are not bound by the guidelines. See *United States v. Johnson*, 612 F.3d 889, 896 (7th Cir. 2010). In *Castro-Juarez*, we looked to § 4A1.3 at the parties' urging, but we emphasized that *United States v. Booker*, 543 U.S. 220 (2005), required the court to base its sentence on an analysis of the § 3553(a) factors. 425 F.3d at 436. Just as sentencing judges may impose below-guideline sentences when they regard the guideline range as too severe, see *Gall*, 552 U.S. at 56; *Kimbrough v. United States*, 552 U.S. 85, 111 (2007), judges may sentence above the guidelines if they consider the range too lenient. See *United States v. McIntyre*, 531 F.3d 481, 484 (7th Cir. 2008) (affirming above-guideline sentence); *United States v. King*, 506 F.3d 532, 536-37 (7th Cir. 2007) (concluding challenge to above-guideline sentence would be frivolous); *United States v. Spano*, 476 F.3d 476, 480-81 (7th Cir. 2007) (affirming above-guideline sentence). Moreover, unlike *Castro-Juarez*, the district court here relied on more than criminal history to justify its above-

guideline sentence. Besides noting Perez-Molina's extensive history of illegal entry and crime, the court commented upon his personal characteristics, see § 3553(a)(1)—including his search for a better life, his family's residing in the United States, and his ability to earn money in the United States—and the particular need to deter him from further reentry, see § 3553(a)(2)(B), since there was "nothing for him in Mexico." By considering the other circumstances drawing Perez-Molina to the United States, along with the need to deter him from reentry and crime, the district court here adequately justified its above-guideline sentence.

AFFIRMED.