NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted October 25, 2011
Decided October 25, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-3579

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:09-CR-40084-JPG-1 |
| DENNIS A. NORTH, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

Dennis North pleaded guilty to possessing heroin with intent to distribute, 21 U.S.C. § 841(a)(1), after he arranged to sell heroin at a Pizza Hut in Murphysboro, Illinois to a confidential source working for the Jackson County Sheriff's Department. He was sentenced to 204 months' imprisonment, 16 months above the high end of his guidelines range (151 to 188 months). North filed a notice of appeal, but his newly appointed counsel has concluded that the appeal is frivolous and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). North has not accepted our invitation to comment on counsel's facially adequate submission, *see* CIR. R. 51(b). We limit our review to the only potential issue that counsel discusses. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

North has given no indication that he wants his guilty plea vacated, so counsel properly omits discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel does consider challenging the substantive reasonableness of North's above-guidelines sentence but rightly concludes that this challenge would be frivolous. We would uphold an above-range sentence so long as the district court reasonably applied the factors in 18 U.S.C. § 3553(a) and adequately explained the penalty. *See United States v. Hill*, 645 F.3d 900, 911 (7th Cir. 2011); *United States v. Courtland*, 642 F.3d 545, 550–51 (7th Cir. 2011). In this case the court concluded that the § 3553(a) factors weighed in favor of an above-range sentence. The court emphasized North's extensive criminal history, which spanned more than 40 years and included 8 felony drug convictions, in concluding that a 204-month sentence was necessary both to promote respect for the law and to protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2)(A), (C). Despite North's advancing age—he turned 61 shortly before sentencing—the court reasonably determined that his decades of illegal behavior demonstrated a likelihood of continued crime even as he reaches an age when others would stop offending. *See United States v. Vallar*, 635 F.3d 271, 279–80 (7th Cir. 2011); *United States v. Kincannon*, 567 F.3d 893, 901 (7th Cir. 2009); *United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006). Based on North's lifetime of crime, the court acted well within its discretion in imposing an above-guidelines sentence. *See United States v. Perez-Molina*, 627 F.3d 1049, 1050–51 (7th Cir. 2010)*; United States v. Padilla*, 618 F.3d 643, 646 (7th Cir. 2010); *United States v. McKinney*, 543 F.3d 911, 914 (7th Cir. 2008); *United States v. King*, 506 F.3d 532, 537 (7th Cir. 2007).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.