**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 15, 2012
Decided February 15, 2012

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-2250

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 11-CR-4-WMC-01 |
| MANUEL JESUS ARGUIJO-CERVANTES, *Defendant-Appellant.* | William M. Conley, *Chief Judge.* |

**O R D E R**

Manuel Arguijo-Cervantes, a Mexican citizen, has been removed from the United States three times, most recently after he served a 42-month sentence and assured a federal judge that he would not return. He was arrested again in February 2011 and pleaded guilty to illegal reentry by a previously removed alien. *See* 8 U.S.C. § 1326. The district court calculated a guidelines range of 57 to 71 months' imprisonment and sentenced him to 57 months. Arguijo-Cervantes appeals, but his appointed lawyer asserts that this appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Arguijo-Cervantes did not accept our invitation to address counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues that counsel identified in his facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first notes that Arguijo-Cervantes entered into an unconditional guilty plea and gave no indication that he wants to withdraw the plea. Counsel thus properly omits discussion about the adequacy of the plea colloquy or the voluntariness of the guilty plea. *See United States v. Knox,* 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel next considers whether Arguijo-Cervantes could argue that the district court incorrectly calculated his criminal-history score. Although the probation officer correctly calculated Arguijo-Cervantes's criminal-history category as IV in a section of the presentence report entitled "Criminal History Computation," given Arguijo-Cervantes's nine criminal-history points for three previous offenses, *see* U.S.S.G. ch. 5, pt. A (sentencing table), the officer misstated the category as VI in other sections of the report relating to "Sentencing Options" and "Combined Sentencing Recommendation." Despite the misstatement, the officer calculated the guidelines range of 57 to 71 months' imprisonment, based on an offense level of 21 and a criminal-history score corresponding to the correct catorgory, IV. *See* U.S.S.G. ch. 5, pt. A (sentencing table). As reflected in the sentencing transcript, the district court repeated the probation officer's misstatement at sentencing but applied the correct criminal-history score of IV and properly assessed the guidelines range at 57 to 71 months. The court's erroneous characterization of Arguijo-Cervantes's criminal-history category was harmless. *See*, *e.g.*, *United States v. Stott*, 245 F.3d 890, 915 (7th Cir. 2001) (misstatement of offense level).

Counsel finally considers whether Arguijo-Cervantes might argue that his 57-month sentence is unreasonable but aptly rejects any such argument as frivolous. Arguijo-Cervantes's sentence is at the bottom of his guidelines range and thus presumptively reasonable, *see Rita v. United States*, 551 U.S. 338, 350–51 (2007); *United States v. Barnes*, 660 F.3d 1000, 1010 (7th Cir. 2011), and counsel identifies no reason to disturb that presumption. The district court properly applied the factors listed in 18 U.S.C. § 3553(a), discussing Arguijo-Cervantes's long history of drug sales and illegal reentry, as well as his family ties to the United States, *see* 18 U.S.C. § 3553(a)(1), and noting the importance of deterrence, especially given his recent promise to a federal judge that he would not return to the United States after his deportation in 2010, only to return again a few weeks later, *see id.* § 3553(a)(2)(B); *United States v. Perez-Molina*, 627 F.3d 1049, 1051 (7th Cir. 2010). The court appropriately found that these considerations outweighed Arguijo-Cervantes's request for a below-range sentence to account for family ties being the principal motivation for his return.

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.