In the

# United States Court of Appeals

### For the Seventh Circuit

———————

No. 07-3236

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KENDEL W. MCKINNEY,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:07-CR-40018-JPG—**J. Phil Gilbert**, *Judge.*

———————

ARGUED FEBRUARY 27, 2008—DECIDED SEPTEMBER 11, 2008

———————

Before EASTERBROOK, *Chief Judge*, and POSNER and
WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* Kendel McKinney is no stranger
to the penal system. He has three drug convictions and
one conviction for aggravated robbery, plus nine pending
charges in state court and twenty-one traffic violations.
Although he was sentenced to eight years in prison on one
of his drug convictions, he served 18 months in a "boot
camp" program before he found himself facing the cur-

rent federal charges for distribution of crack cocaine. As the Government tirelessly points out, by the time he faced sentencing in this case, McKinney had accumulated twice the number of convictions he needed for career criminal status—and he did it all by the age of 24.

On April 12, 2007, McKinney pleaded guilty to two counts of crack distribution in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C). Relying on the rap sheet we have just summarized, the presentence report (PSR) concluded that McKinney was a career offender subject to a sentence enhancement under U.S.S.G. § 4B1.1. Taking into account a downward adjustment for acceptance of responsibility, the PSR recommended a Guidelines range of 188 to 235 months.

At the sentencing hearing, the Government introduced into evidence a DVD depicting one of the vehicle chases involving McKinney that had been recorded on the police car's video camera. The video shows that when the officer signaled that McKinney should pull over, McKinney instead drove through a neighbor's yard, just missing a tree stump, zoomed through a residential area, ran a stop sign, and pulled into his mother's driveway. He then fled on foot, with the police in pursuit, while family members removed items from his car. McKinney did not have much to say for himself when the district court invited him to speak: he said only "I never knew it would come to this."

In pronouncing its sentence, the district court commented that every single factor mentioned in 18 U.S.C. § 3553(a) "calls for a lengthy incarceration to protect the

public." The court addressed some of the arguments in mitigation that McKinney had offered, including his claim that he has a learning disability, but it found that this did not excuse McKinney's behavior. The district court then invoked its discretion under *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Rita*, 127 S.Ct. 2456 (2007), and went well beyond the advisory Guidelines range of 188 to 235 months, choosing instead a sentence of 293 months. Before this court, McKinney challenges only his sentence; we affirm.

McKinney recognizes that he must persuade us that his final sentence was unreasonable. The only reason he offers in support of such a finding is that the district court did not provide an adequate justification for how it arrived at its "upward departure." The use of pre-*Booker*, pre-*Rita* vocabulary gives away the game: McKinney is overlooking the discretion that district courts now possess to choose a sentence outside the applicable Guide-lines range.

If the Guidelines are properly calculated, this court reviews a criminal sentence for reasonableness. *Rita*, 127 S.Ct. at 2459. McKinney raises no specific objection to the calculation or application of his sentence, only to the failure of the district court to explain more fully why it chose 293 months. Although neither *Kimbrough v. United States*, 128 S.Ct. 558 (2007), nor *Gall v. United States*, 128 S.Ct. 586 (2007), had been handed down as of the date when McKinney filed his opening brief, they provide the starting point for our resolution of this appeal. In *Kimbrough*, the Court held that trial courts were per-

mitted to deviate from the 100-one ratio between crack and powder cocaine sentences, 128 S.Ct. at 573-74. This flexibility is of no use to McKinney, however, because the ratio loses its importance if the defendant is sentenced as a career offender, as McKinney was. Indeed, counsel conceded that the crack/powder ratio did not play a role in McKinney's sentence for that reason.

*Gall* has more bearing on McKinney's case. It said that "a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." 128 S.Ct. at 594. But the Court rejected any rigid rule that would require a direct relation between the degree of variance from the recommended Guideline sentence and the thoroughness of the judge's explanation:

> In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may therefore take the degree of variance into account and consider the extent of a deviation from the Guidelines. We reject, however, an appellate rule that requires "extraordinary" circumstances to justify a sentence outside the Guidelines range. We also reject the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence.

*Id.* at 594-95.

Taking these two passages from *Gall* together, we deduce that we must simply satisfy ourselves that the

district court (1) calculated the advisory Guidelines range correctly (something that is not in dispute here), (2) gave serious consideration to sentences both within and outside that recommended range, and (3) explained why it selected "an unusually lenient or unusually harsh sentence," if it did so. The Court did not change the rule that we have followed since *Booker*, under which "the fact that the district court did not establish a precise link between the degree of the departure and the structure of the Guidelines, as was required pre-*Booker*, is not a basis for disturbing the district court's sentence." *United States v. Valle*, 458 F.3d 652, 658 (7th Cir. 2006); see also *United States v. Castro-Juarez*, 425 F.3d 430, 436 (7th Cir. 2005) ("All that is necessary now to sustain a sentence above the guideline range is an adequate statement of the judge's reasons, consistent with section 3553(a), for thinking the sentence that he has selected is indeed appropriate for the particular defendant."). Rather than speaking of each marginal month over or under the Guidelines range, *Gall* speaks only of "the degree of variance" and "the extent of a deviation." We are no longer in a world where the district courts must justify each marginal month over the Guidelines; our review for reasonableness goes forward with a greater focus on the final sentence chosen and the quality of the justification for it.

Seen in this light, the district court's explanation is adequate. The court considered both sentences within the advisory Guidelines range and sentences outside the range, and it explained why it thought that a significantly harsher sentence was needed for someone with as deplorable a record as McKinney. The district court explained

that McKinney's history did not bode well for his future prospects, and that the public would be safer with him off the streets. In the end, it concluded that it "[wa]s not sure that [McKinney was] ever going to be able to adjust to the rules and laws of society." The district court then explicitly found that a within-Guidelines sentence would not suffice to punish McKinney and deter future crimes. That was enough under both *Gall* and *Booker.*

We find nothing unreasonable in the sentence the district court chose for McKinney. As *Gall* confirmed, we cannot put a "thumb on the scale favoring a guideline sentence," *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007), by requiring that district courts sentencing above the range give more or better reasons than those sentencing within the range. The sentence here fits the crime, and is therefore

AFFIRMED.