In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-3451

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DWIGHT D. DELONEY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 07 CR 7—**Rudy Lozano**, *Judge.*

ARGUED MAY 15, 2009—DECIDED AUGUST 25, 2009

Before EASTERBROOK, *Chief Judge*, and BAUER and
FLAUM, *Circuit Judges*.

BAUER, *Circuit Judge*. In 2007, Dwight D. Deloney
pleaded guilty to possessing with intent to deliver crack
cocaine and was sentenced to 87 months' imprisonment.
On appeal, Deloney claims that the sentence was unrea-
sonable; he argues that the district court failed to give
meaningful consideration to the statutory sentencing
factors and, moreover, should have sentenced him ac-
cording to the then-impending amendment to the Sen-

tencing Guidelines, which later reduced the penalties for most crack cocaine offenses. We affirm.

## I. BACKGROUND

On January 17, 2007, Deloney was indicted on three counts of distributing crack cocaine and one count of possessing with intent to distribute at least five grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). He later pleaded guilty to the possession charge; the government dismissed the remaining counts. A presentence investigation report (PSR) concluded that Deloney distributed a total of 11.9 grams of crack cocaine during three controlled buys and that another 30.4 grams of crack cocaine were found in his bedroom during the execution of a federal search warrant.

Deloney had no major offenses in his criminal history and was credited with a three-point reduction to his base offense level for accepting responsibility for his actions; however, the PSR also recommended that the district court enhance Deloney's base offense level by two points for possessing a rifle in connection with his drug offenses. Deloney objected to the enhancement. In sum, the PSR concluded that Deloney's total offense level was 29, yielding a Guidelines sentencing range of 87-108 months.

At his sentencing hearing, Deloney asked for a below-Guidelines sentence based on his lack of serious criminal history; his education, work experience, and family support; and his voluntarily enrollment in a drug treat-

ment program. He also urged the court to consider impending changes to the Sentencing Guidelines which would reduce the sentencing disparity between crack and powder cocaine. Although the amendment had been adopted by the Sentencing Commission, it had not yet gone into effect.

The district court also heard evidence and argument on the gun enhancement. After determining that Deloney presented only incredible testimony disputing the government's evidence that a rifle was found in his bedroom closet during a lawful search of his home, the court gave Deloney the opportunity to withdraw his objection; Deloney did so. The district court rejected Deloney's request for a non-Guidelines sentence and sentenced him to 87 months' imprisonment. Deloney filed a timely notice of appeal.

## II. DISCUSSION

On appeal, Deloney claims that the district court failed to give meaningful consideration to the 18 U.S.C. § 3553(a) factors before sentencing him to a term of imprisonment at the bottom of the applicable Guidelines range. He also argues that the district court should have factored in the impending amendment to the Sentencing Guidelines that would have made Deloney eligible for a two-level reduction in base offense level. We consider each argument in turn.

We review sentences for reasonableness, using an abuse of discretion standard. *United States v. Panaigua-Verdugo*,

537 F.3d 722, 727 (7th Cir. 2008). A sentence that falls within the properly-calculated Guidelines range, as Deloney's sentence does, is presumed reasonable. *Id*. The district court must consider and balance the wide range of factors enumerated in section § 3553(a). *United States v. Blue,* 453 F.3d 948, 954 (7th Cir. 2006). We owe deference to the district court's resolution of those factors, but may intervene if the court has "altogether ignored a relevant consideration" or "unreasonably discounted a factor so weighty as to compel a sentence outside of the Guidelines range." *Id*. However, a district court is not obligated to "address each § 3553(a) factor in checklist fashion, explicitly articulating its conclusion for each factor; rather, the court must simply give an adequate statement of reasons, consistent with § 3553(a) for believing the sentence it selects is appropriate." *Panaigua-Verdugo*, 537 F.3d at 728.

According to Deloney, the district court merely went through the motions in imposing his sentence, glossing over the substantial amount of evidence that weighed in his favor including lack of serious criminal history, strong family ties, college education, completion of a drug treatment program, and "extreme remorse" for his crime.

However, having reviewed the record and the district court's reasons for sentencing Deloney as it did, we are satisfied that Deloney's sentence is a reasonable one. In sentencing Deloney at the bottom of the 87-108 month advisory Guideline range, the district court sufficiently analyzed the factors and explained the reasons for his

sentence. For instance, the court noted that it considered Deloney's offense to be "very serious," acknowledged its duty to impose a sentence that served as a sufficient deterrent, and made reference to Deloney's relatively clean criminal record as well as the strong support he had received from his family. While the district court did not address each § 3553(a) factor, it was not required to do so. After all, "a sentencing judge has no more duty than we appellate judges do to discuss every argument made by a litigant; arguments clearly without merit can, and for the sake of judicial economy should, be passed over in silence." *United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005).

Deloney also points to several comments the court made during the sentencing hearing which, he argues, are illustrative of the pre-determined nature of the proceedings. These include two questions the court directed to Deloney which, when read in isolation, seem to suggest a disregard for the testimony presented on his behalf. The court asked Deloney whether he had submitted any letters attesting to his character, even though numerous such letters had been attached to his file and were in the court's possession; the court also asked Deloney if his mother was alive, despite the fact that his mother had testified at the sentencing hearing.

However, when viewed in their proper context, these comments reveal nothing more than slips of the tongue. The sentencing hearing was an extended affair that stretched out over three different dates. Although the judge seemed to momentarily forget that Deloney's

mother had testified during a proceeding that had earlier
taken place, it does not indicate that the judge failed to
consider the § 3553(a) factors. At the conclusion of the
sentencing hearing, the court specifically noted Deloney's
strong family presence:

> I have to take a look at my duty toward society, and
> I have to take a look at you, because I don't want you
> in that orange jump suit, Mr. Deloney. I want you back
> here, I want you back with your family. Your family
> has been very loyal to you, they have been here for
> all these hearings. That's where you belong.

Moreover, the record does not suggest that the court
failed to consider the letters that were submitted on
Deloney's behalf. Rather, it suggests that the court was not
careful in making the distinction between the letters
that were attached to Deloney's file, which it had
received, and letters that may have been sent directly to
the judge's chambers, which it had not.

We find that the district court's statement of reasons
reflect meaningful reflection and deliberation and, in
light of these considerations, its decision to impose a
sentence at the low end of the Guidelines range was
certainly reasonable.

Deloney next argues that the district court should have
considered the soon-to-be amended Guidelines in
deciding what sentence to impose. Under the amended
Guidelines, later given retroactive effect, the penalties for
most crack cocaine drug offenses were reduced by two
levels. Deloney concedes that the amendment had not yet
taken effect, but nevertheless argues that the court erred

by failing to consider his "eligibility for the two level reduction based on the retroactivity of the statute," which would become effective "a little over a month" after his sentencing.

Deloney's argument is frivolous. Before a Guidelines amendment can be applied retroactively, it must first be active. The law is clear—a district court is to apply the Guidelines in effect at the time of sentencing. U.S.S.G. § 1B1.11(a). At the time of Deloney's sentencing, he was ineligible for a reduction to his base offense level; the fact that changes to the Guidelines were imminent is of no consequence. *See United States v. Alexander*, 553 F.3d 591, 592 (7th Cir. 2009) (district court not required to consider pending amendment to criminal-history Sentencing Guideline in sentencing defendant as a career offender).

That being said, those Guidelines changes have since taken effect and, because they are indeed retroactive, Deloney appears eligible for a sentencing reduction. However, Deloney has not yet brought a claim seeking such relief and the issue is not one for our consideration today.

For the foregoing reasons, we AFFIRM the judgment and sentence of the district court.