NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2010[*]
Decided March 12, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-2667

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 07-Cr-38 |
| KEVIN A. JONES, *Defendant-Appellant*. | Rudolph T. Randa, *Judge*. |

**O R D E R**

Police officers in Milwaukee, Wisconsin, stopped a car driven by Kevin Jones and found a loaded handgun and more than four pounds of marijuana. Jones pleaded guilty to possession of a firearm as a felon, 18 U.S.C. § 922(g)(1), and was sentenced to 164 months' imprisonment as an armed career criminal, *id.* § 924(e). Two other counts were dropped,

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

including a charge of carrying a firearm during a drug-trafficking crime, *id*. § 924(c)(1). Jones appealed, and, while his case was pending, the Supreme Court decided *Chambers v. United States*, 129 S. Ct. 687 (2009). That decision undermined the district court's conclusion that Jones qualified as an armed career criminal, and so the parties filed a joint motion for remand, which we granted. On remand the government conceded that, in light of *Chambers*, Jones was not an armed career criminal. The district court vacated its original sentence and this time imposed a term of 72 months, 21 months above the upper end of the revised imprisonment range. Jones appeals again and argues that his prison sentence is unreasonable. We affirm the judgment.

Before *Chambers* was decided Jones had conceded that he should be sentenced as an armed career criminal based on his felony convictions for endangering safety by use of a dangerous weapon, second-degree reckless endangerment while armed, and escape. Section 924(e) ordinarily carries a statutory minimum sentence of 15 years, but at his first sentencing hearing Jones benefitted from a motion by the government to depart below that minimum based on his substantial assistance. *See* 18 U.S.C. § 3553(e). As it turned out, however, Jones was not an armed career criminal, and on remand the parties filed a joint motion asking the district court to vacate both his sentence and his guilty plea.

The parties renegotiated the plea agreement. Jones again pleaded guilty to a single count charging him with violating § 922(g)(1), but this time the government was unwilling to recommend a sentence below the revised imprisonment range of 41 to 51 months. The government instead agreed to recommend a term of 90 months, which, according to the prosecutor, was less than it would have asked for had Jones not cooperated. An above-range sentence was warranted, the government insisted, because Jones had a history of violent crimes. Two of his convictions had involved shooting at people, and a third, beating up a 13-year-old boy and then threatening the boy's mother at gunpoint. The government pointed out the need to send a strong deterrent message given the rampant gun and drug crimes in the Milwaukee area.

In response Jones emphasized his good character, his demonstrated remorse, and his commitment to changing his ways as evidenced by his recently completed G.E.D. and his enrollment in classes while incarcerated. Defense counsel described the type of assistance Jones had provided the government, argued that this cooperation was further evidence of his attempt to reform, and urged the court to impose a sentence below the guidelines range as it had done before. According to Jones, the favorable decision in *Chambers* was not a valid reason to punish him by sentencing above the guidelines range. Regarding his criminal history, Jones pointed out that several of his convictions were old and were committed when he was too young to know better.

The district court, after evaluation the factors in 18 U.S.C. § 3553(a), agreed with the government that a sentence above 51 months was warranted. The judge gave particular emphasis to Jones's history of violence and explained that, although this factor had been accounted for adequately when Jones was assumed to be an armed career criminal, the situation has changed. The court noted that Jones had been in nearly continuous contact with the penal system since age 15, and that his convictions, even though some of them were old, reflected the same disturbing pattern of conduct. In addition to his felony convictions, the court commented, Jones had committed 21 driving offenses and been arrested 12 other times on charges including burglary, disorderly conduct while armed, battery, aggravated battery, and witness intimidation. The court also commented that Jones's criminal activities exemplified the type of dangerous crime that was on the rise in the community. An above-range sentence of 72 months was necessary to adequately account for Jones's criminal history, to serve as a sufficient deterrent, and to protect the public. Addressing Jones's mitigation arguments, the court said that his cooperation and good behavior in prison, while commendable, did not warrant a lower sentence.

The only issue raised by Jones in this appeal is the reasonableness of his prison sentence. He contends that the district court did not sufficiently explain its reasons for assessing an above-range sentence. The government counters that the court amply supported its decision with a thorough discussion of the § 3553(a) factors regarding Jones's criminal history, the seriousness of the offense, and the need for deterrence.

We review sentences for their reasonableness, *United States v. Booker*, 543 U.S. 220, 260-63 (2005), applying an abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007). After *Booker*, sentencing courts must first properly calculate the guidelines range and then determine the appropriate sentence, either inside or outside that range, by referencing the statutory factors listed in § 3553(a). *See United States v. Hurt*, 574 F.3d 439, 442 (7th Cir. 2009); *United States v. Wise*, 556 F.3d 629, 632-33 (7th Cir. 2009); *United States v. McKinney*, 543 F.3d 911, 913 (7th Cir. 2008).

Here, the district court rooted its sentence in the § 3553(a) factors and fully justified its choice of a term 21 months above the guidelines range. Despite what Jones says, we conclude that the court fairly evaluated his personal characteristics, including the particular concern presented by his violent criminal history. The court expounded on Jones's dangerous behavior and the need for deterrence. Based on the number, frequency, and violent nature of the crimes committed by Jones, it was reasonable for the court to conclude that his many uncounted convictions understated the seriousness of his criminal history. *See United States v. Jackson*, 576 F.3d 465, 470 (7th Cir. 2009); *United States v. McIntyre*, 531 F.3d 481, 484 (7th Cir. 2008) (per curiam); *McKinney*, 543 F.3d at 914; *United States v. Walker*, 447 F.3d 999, 1007-08 (7th Cir. 2006). Moreover, if not for negotiating a plea agreement that

allowed him to escape a mandatory, consecutive 5-year term under § 924(c)(1), Jones would have faced a guidelines range of 101 to 111 months, so even with the above-range term he still received substantial benefits. We conclude that the court offered sufficient justification for the term imposed, and that 72 months is reasonable.

AFFIRMED.