FILED

DEC 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>ROBERT ARTHUR ERGONIS, AKA Robert A. Ergonis,<br><br>    Defendant - Appellant. | No. 13-10008<br><br>D.C. No. 4:08-cr-01207-DCB-BGM-1<br><br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>ROBERT ARTHUR ERGONIS, AKA Robert A. Ergonis,<br><br>    Defendant - Appellant. | No. 13-10009<br><br>D.C. No. 4:08-cr-01205-DCB-LAB-1 |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted December 10, 2014[]
San Francisco, California

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

Robert Ergonis pleaded guilty to making a false statement to law enforcement agents and conspiracy to possess with intent to distribute marijuana. Despite a negotiated plea agreement in which he waived the right to appeal, Ergonis challenges his 125-month sentence, arguing that the district court erred in calculating his criminal history category and in declining to downwardly depart. Ergonis also moves for a remand for application of a recent amendment to the Sentencing Guidelines. We dismiss the appeal and deny the motion without prejudice to filing an appropriate motion in the district court.

**1.** This court must dismiss an appeal when there is a valid and enforceable waiver of the right to appeal. *See United States v. Vences*, 169 F.3d 611, 613 (9th Cir. 1999). Plea agreements are "contractual in nature and subject to contract-law standards." *United States v. Sandoval-Lopez*, 122 F.3d 797, 800 (9th Cir. 1997). Whether an appellant has waived the right to appeal is a question of law reviewed de novo. *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**2.** The plea agreement plainly and unambiguously waived the right to appeal any sentence within the Guidelines range, as determined by the district court. The district court determined the Guidelines range to be 100 to 125 months and sentenced Ergonis within that range. The appeal waiver thus bars this appeal. *See United States v. Nunez*, 223 F.3d 956, 958-59 (9th Cir. 2000).

**3.** Ergonis argues he is not bound by the waiver because the government breached the plea agreement, but the government complied with all material terms. Any delay in dismissing the case pending in the Eastern District of Michigan was reasonable in light of this appeal, which sought relief from the plea agreement.

**4.** Any motion respecting the applicability of Amendment 782 to the Guidelines should be brought in the sentencing court in the first instance. *See* 18 U.S.C. § 3582(c)(2).

**5.** Ergonis's request for reassignment of the case on remand is denied as moot.

**DISMISSED.**