In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-1812

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ALFONSO HAYDEN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 12-CR-30143 — **Michael J. Reagan**, *Chief Judge.*

ARGUED NOVEMBER 19, 2014 — DECIDED DECEMBER 30, 2014

Before WOOD, *Chief Judge*, and KANNE and TINDER, *Circuit Judges*.

PER CURIAM. Alfonso Hayden pleaded guilty to conspiring to possess and distribute marijuana, 21 U.S.C. §§ 846, 841(a)(1), and attempted money laundering, 18 U.S.C. § 1956. He was sentenced above the guidelines range to a total of 46 months' imprisonment and 10 years' supervised release. Hayden appeals, principally arguing that the district court did not adequately address his arguments in mitiga-

tion or justify the sentence imposed. We disagree and affirm the sentence.

Hayden, a resident of California, obtained a medical marijuana card that he used to purchase high-grade marijuana in that state. He mailed the marijuana to himself in St. Louis, Missouri, where he gave it to a coconspirator who then sold it in Illinois. On June 1, 2010, while surveilling Hayden as part of a larger investigation, DEA agents followed him to four different Bank of America branches where he exchanged $18,000 worth of $20 bills for $100 bills. Afterward the agents followed Hayden to the apartment where he was staying. They executed a warrant to search that apartment and arrested him after finding 995 grams of marijuana and $80,892 in currency.

During his plea colloquy Hayden admitted distributing over 20 pounds (about 9 kilograms) of marijuana. At sentencing, the district court concluded that Hayden's relevant conduct included a total of 15¹/₄ kilograms of marijuana (though not any cocaine, which the government initially had tried to pin on Hayden). The district court calculated a total offense level of 15: a base offense level of 16 because the offense involved 10 to 20 kilograms of marijuana, U.S.S.G. §§ 2S1.1(a)(1), 2D1.1(c)(12) (2013); a 2-level increase for money laundering, *id.* § 2S1.1(b)(2)(B); and a 3-level reduction for acceptance of responsibility, *id.* § 3E1.1(a), (b). The district court calculated a criminal history category of III because Hayden had committed the crimes while on supervised release, *see* U.S.S.G. § 4A1.1(d), and also had a prior drug conviction for which he received 15 years' imprisonment, *see id.* § 4A1.1(a). The resulting imprisonment range was 24 to 30 months.

The government argued for a sentence of 30 months, and Hayden argued for time served: the 15 months he had been incarcerated since his arrest. Hayden maintained that his family circumstances—a son with health issues who lived with Hayden's mother—warranted leniency. Hayden also argued that a below-guidelines sentence was warranted because of Amendment 782 to the sentencing guidelines, which had not yet taken effect but would lower by 2 levels the base offense level for this type of drug crime. Hayden was sentenced on April 10, 2013, the same day the United States Sentencing Commission approved that amendment and sent it to Congress for review. That amendment had an effective date of November 1, 2014. Hayden further asserted that a below-guidelines sentence was necessary to avoid sentencing disparities with unidentified defendants in other jurisdictions who were purportedly receiving lower sentences based on the upcoming amendment.

The district court rejected Hayden's plea for a lower sentence and instead, as noted, imposed a 46-month term, 16 months *above* the high end of his imprisonment range. The district court reasoned that Hayden was unlikely to care for his son because so far he had been absent from the boy's life, and that not giving Hayden a below-guidelines sentence would not result in a sentencing disparity. Indeed, the district judge continued, an *above-guidelines* sentence was appropriate because of Hayden's high likelihood of recidivism, the seriousness of the crimes, and the fact that the crimes were committed while Hayden was on supervised release.

On appeal, Hayden doesn't challenge the district court's application of the guidelines and instead contends that his above-guidelines sentence was imposed in a procedurally

unreasonable manner and, as a result, is too long. Mostly this contention rests on the stated proposition that the district judge never fully considered Hayden's arguments in mitigation or explained why a sentence above the guidelines range was necessary. Yet before the sentencing hearing concluded, the district court had asked if Hayden's lawyer wanted amplification of the court's application of the sentencing factors in 18 U.S.C. § 3553(a) or the court's reasons for rejecting Hayden's arguments in mitigation. The attorney's response that he wanted no further elaboration should have put to rest any argument that the district court failed to adequately explain the sentence. *See United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014); *United States v. Garcia-Segura*, 717 F.3d 566, 568–69 (7th Cir. 2013). The government does not press the point, however, so we proceed to consider Hayden's arguments.

Hayden first takes issue with the district court's statement that an above-guidelines sentence was warranted because he had committed the crimes while on supervised release and, in the court's view, the two criminal history points assessed as a result were not enough to account for his likelihood of recidivism. This explanation is *clear enough* but, in Hayden's view, not *good enough*. Without citing any relevant authority, he simply insists that it was improper for the district court to rely on the violation of supervised release as a reason to sentence him above the guidelines range because, as Hayden sees things, that violation already was accounted for by the criminal history calculation.

This argument is a nonstarter. As long as the sentencing judge gives an adequate justification, the judge may impose a sentence above the guidelines range if he believes the

range is too lenient. *See Gall v. United* States, 552 U.S. 38, 49–50 (2007); *United States v. Perez-Molina*, 627 F.3d 1049, 1050–51 (7th Cir. 2010); *United States v. McIntyre*, 531 F.3d 481, 483–84 (7th Cir. 2008); *United States v. McKinney*, 543 F.3d 911, 913–14 (7th Cir. 2008). Here, the judge explained that he was giving an above-guidelines sentence for a number of acceptable reasons, including that the 2-point increase in Hayden's criminal history score for committing these new crimes while on supervised release was inadequate to provide for just punishment. This was especially so because Hayden's new crimes were not prosecuted until after the term of supervised release had ended, and thus his obvious violation of the conditions of supervised release did not lead to reimprisonment. *See* 18 U.S.C. § 3553(a)(2)(A); *United States v. Valle*, 458 F.3d 652, 657 (7th Cir. 2006); *United States v. Smith*, 505 F.3d 463, 470–71 (6th Cir. 2007); *United States v. Collier*, 413 F.3d 858, 860 (8th Cir. 2005). The judge also expressed concern that Hayden's recently completed, 15-year sentence for a drug crime had not deterred him from unlawful activity, *see* 18 U.S.C. § 3553(a)(1), (a)(2)(B), in particular trafficking in drugs, a serious crime having a detrimental impact on the community, *see id.* § 3553(a)(2)(A), (C). While some of this already was accounted for in the guidelines calculation, that did not bar the sentencing court from weighing the information differently than the Sentencing Commission. *See United States v. Reyes-Hernandez*, 624 F.3d 405, 415 (7th Cir. 2010); *United States v. Corner*, 598 F.3d 411, 415 (7th Cir. 2010) (en banc); *United States v. Aljabari*, 626 F.3d 940, 951 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 2164 (2011); *United States v. Tockes*, 530 F.3d 628, 633 (7th Cir. 2008).

Hayden next argues, in the same vein, that the district court erred in refusing to give him, as a matter of discretion,

the benefit of Amendment 782. Here again, Hayden's real complaint seems to be that he did not get what he wanted, not that the district court didn't consider the request. Although a sentencing judge may grant a variance from the guidelines range as a way of recognizing the likely effect of a pending amendment to the guidelines, the judge is not required to do so. *See United States v. Lua-Guizar*, 656 F.3d 563, 567 (7th Cir. 2011); *United States v. Deloney*, 578 F.3d 690, 693–94 (7th Cir. 2009); *United States v. Allebach*, 526 F.3d 385, 389 (8th Cir. 2008). And a district court is not permitted to delay a defendant's sentencing simply to assure that he or she will benefit from a forthcoming amendment. *See United States v. Alexander*, 553 F.3d 591, 593 (7th Cir. 2009); *United States v. Tanner*, 544 F.3d 793, 795–97 (7th Cir. 2008).

After Hayden filed this appeal, Amendment 782 took effect. The revision is retroactive, *see* U.S.S.G. § 1B1.10(d), (e)(1) (2014), making him potentially eligible for a future sentencing reduction. *See* 18 U.S.C. § 3582(c)(2).[1] Our handling of Hayden's direct appeal is not changed, however, by Amendment 782 having taken effect. *See* 18 U.S.C. § 3742(g)(1); *Deloney*, 578 F.3d at 693–94. Hayden may ask the district court for a sentence reduction based on Amendment 782, *see* 18 U.S.C. § 3582(c)(2), but he has not yet done so and we do not consider that argument here.

---

[1] Amendment 782 became effective immediately for defendants sentenced on or after November 1, 2014, but it will not have retroactive effect until November 2015 for defendants, like Hayden, who were sentenced before its effective date. U.S.S.G. § 1B1.10(e)(1) (2014). A district court may accept motions seeking retroactive application before November 1, 2015, provided that any order granting a sentence reduction may not take effect until that date. *Id.* § 1B1.10 cmt. n.6.

Hayden takes a different tack when he contends that the district court's refusal to give him the benefit of Amendment 782 created an unwarranted sentencing disparity. *See* 18 U.S.C. § 3553(a)(6). The judge must inquire, as this judge did, into the specific characteristics of the defendant and the offense when crafting a sentence. *See United States v. Martinez*, 650 F.3d 667, 672–73 (7th Cir. 2011); *United States v. Favara*, 615 F.3d 824, 830–31 (7th Cir. 2010); *United States v. Statham*, 581 F.3d 548, 556 (7th Cir. 2009); *United States v. Newsom*, 428 F.3d 685, 688–89 (7th Cir. 2005). Here, the district judge considered whether his decision to not take the amendment into account created a sentencing disparity and concluded that it did not. Hayden cannot possibly quibble with that conclusion because he did not identify even one concrete example of a similarly situated defendant who received a lower sentence based on the not-yet-effective amendment. *See United States v. Anderson*, 580 F.3d 639, 652–53 (7th Cir. 2009); *Newsom*, 428 F.3d at 688–89; *see also United States v. Ramirez*, 675 F.3d 634, 640–41 (7th Cir. 2011) (explaining that defendant could not establish claim of "fast track" disparity without showing that in fast-track district he would have qualified for leniency).

Hayden next questions the district court's choice not to impose a lower sentence because of what the defendant characterizes as exceptional family circumstances: Hayden has a son with health issues, who lives with Hayden's mother. As with Hayden's other arguments, this one really is about the result, not the process. The district judge discussed the son's condition and the challenges faced by Hayden's family in caring for him. The judge nonetheless declined to impose a lower sentence on that basis because, given Hayden's past absence from his son's life, the judge did not

believe that Hayden would be present to care for his son even if he was not incarcerated. Plainly, the district court considered Hayden's family ties and circumstances, and the court's disagreement with this argument in mitigation does not make the resulting sentence unreasonable. *See United States v. Diekemper*, 604 F.3d 345, 355 (7th Cir. 2010); *United States v. Poetz*, 582 F.3d 835, 839–40 (7th Cir. 2009).

Finally, Hayden argues that the district court erred by failing to give notice that a sentence above the guidelines range was contemplated. Hayden is wrong. A sentencing court is not required to give advance notice of a sentence above the guidelines range. *See Irizarry v. United States*, 128 S. Ct. 2198, 2202–04 (2008). Because the guidelines no longer are mandatory, *United States v. Booker*, 543 U.S. 220, 263–64 (2005), the notice requirement imposed by Federal Rule of Criminal Procedure 32(h) for upward departures is obsolete. *See Irizarry*, 128 S. Ct. at 2202–04; *United States v. Brown*, 732 F.3d 781, 783 (7th Cir. 2013).

AFFIRMED.