# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2135

_____

United States of America

*Plaintiff - Appellee*

v.

Thomas Bryan Riehl

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: February 9, 2015
Filed: March 5, 2015
[Published]

_____

Before BYE, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

Thomas Riehl pleaded guilty to one count of conspiring to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of actual (pure) methamphetamine in

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The district court[1] sentenced him to 214 months' imprisonment and 5 years' supervised release. Riehl argues the district court erred in denying his motion for a downward variance. We affirm.

During late 2012 and early 2013, Riehl distributed large quantities of methamphetamine in northern Iowa. In August 2013, he was charged with one count of conspiring to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of actual (pure) methamphetamine. He pleaded guilty to the charge pursuant to a plea agreement. The district court calculated Riehl's sentencing guidelines range to be 292 to 365 months and sentenced him to 214 months' imprisonment, after an uncontested departure motion for a thirty-five percent reduction in the guidelines range. At the sentencing hearing on May 8, 2014, both parties argued for a downward variance by two levels in anticipation of Amendment 782 to the United States Sentencing Guidelines.[2] The district court recognized it had the authority to vary downward but declined to do so, explaining the then-proposed amendment was not guaranteed to take effect.

On appeal, Riehl argues (1) the district court erred in denying the motion to vary downward by two levels from the correctly calculated guidelines range in anticipation of Amendment 782; (2) the district court should have given weight to the policy reasons behind Amendment 782; and (3) the district court "failed [to] permit argument" on the issue. As to the first issue, our case law is clear: "[T]he district court was not required to consider the pending guidelines amendment. Consideration

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

[2]Amendment 782 became effective November 1, 2014, and applies retroactively to reduce most drug quantity base offense levels by two levels. See United States v. Thomas, 775 F.3d 982, 982 (8th Cir. 2014).

of the pending amendment is merely permissible, not required." United States v. Allebach, 526 F.3d 385, 389 (8th Cir. 2008); United States v. Davis, 276 F. App'x 527, 528 (8th Cir. 2008) (rejecting the argument that "the district court imposed an unreasonable sentence because it failed to consider a proposed amendment to the Guidelines that would have lowered the advisory Guidelines imprisonment range"); United States v. Harris, 74 F.3d 1244 (8th Cir. 1996). The district court considered the motion and fully explained its reasons for not prospectively applying Amendment 782. It committed no error. Without any supporting authority, the dissent attempts to distinguish our case law on the basis that this case involves a different amendment and states that "[t]he applicability of the cases [above] . . . may be questionable." However, our holdings were not limited to any specific amendment. Moreover, they follow the firmly-established principle that the court must apply the Sentencing Guidelines in effect at the time of sentencing unless doing so would violate the ex post facto clause of the United States Constitution. See, e.g., United States v. Adams, 509 F.3d 929, 932 n.4 (8th Cir. 2007).

As to the second issue, this is not an argument we can consider on appeal. See United States v. Talamantes, 620 F.3d 901, 902 (8th Cir. 2010) ("Whatever the district court's views as to the Sentencing Commission's policy judgment underlying a particular guidelines provision, our proper role on appeal is only to determine whether the court abused its discretion by imposing a substantively unreasonable sentence on a particular offender."). Riehl does not argue the district court erred in considering the 18 U.S.C. § 3553(a) factors, and we find his sentence substantively reasonable. On the final issue presented by Riehl, the transcript of the sentencing hearing demonstrates both parties argued for a downward variance and made their record on the issue. At no time did the district court deny a request by either party to provide further argument. Rather, after each party presented the issue and stated its argument, the district court advised the parties they need not further pursue the request because it would be a waste of time. Riehl's assertion that he was not permitted to argue the issue is wholly without merit.

To address the dissent's concern, we note that Riehl has not been deprived of the opportunity to pursue the benefit of Amendment 782. See 18 U.S.C. § 3582(c)(2) ("[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."). The dissent believes the opportunity to pursue relief under § 3582(c)(2) renders the issues on appeal moot because Riehl is "entitled to the relief he now seeks regardless of the outcome of this appeal." However, Riehl has neither received the relief he seeks in this appeal nor is he guaranteed to receive it under § 3582(c)(2). See United States v. Hasan, 245 F.3d 682, 684 (8th Cir. 2001) (en banc) ("[T]he district court retains the discretion to determine whether to resentence the defendant within the new lower range. It is not required to do so, and a new lesser sentence is not to be automatically awarded."). Moreover, whether Riehl is entitled to a reduction in his sentence based on § 3582(c)(2) is a separate question from whether the district court erred in denying his motions.

Finally, the dissent asserts remand is appropriate so as not to "delay any further the remedy that [Riehl] deserves." However, it acknowledges "the district court may immediately hold a hearing to rule on [Riehl's] eligibility for a sentence reduction and determine that reduction." We do not believe our holding causes any delay or deprives Riehl of a benefit he may be entitled to, nor do we perceive any material benefit in remanding. Cf. United States v. Yanez-Estrada, No. 14-2989, 2015 WL 508862, at *1 (8th Cir. Feb. 9, 2015) ("This court notes that any claim for a sentence reduction based on Guidelines Amendment 782 . . . should be raised in a sentence-reduction motion filed in the district court."); United States v. Hayden, 775 F.3d 847, 850 (7th Cir. 2014) ("[Appellant] may ask the district court for a sentence

-4-

reduction based on Amendment 782 . . . but he has not yet done so and we do not consider that argument here."); United States v. Ergonis, 587 F. App'x 431, 432 (9th Cir. 2014) ("Any motion respecting the applicability of Amendment 782 to the Guidelines should be brought in the sentencing court in the first instance."); United States v. Moreno, No. 13-41019, 2015 WL 394450, at *2 (5th Cir. Jan. 30, 2015).

Accordingly, we affirm.

BRIGHT, Circuit Judge, dissenting.

For the reasons set forth in my dissenting opinion in United States v. Lawin, No. 14-2577, __ F.3d __, __ (8th Cir. 2015) (Bright, J., dissenting), I would neither affirm nor reverse this case. As a practical matter, the issue on appeal is moot. Since Riehl was sentenced on May 8, 2014, the reduction in the base offense levels for most drug quantity offenses under U.S.S.G. § 2D1.1 (Amendment 782) has become effective and retroactive. See U.S.S.G. § 1B1.10(d) and (e)(1); United States v. Thomas, No. 14-3801, 2014 WL 7359580, at *1 (8th Cir. Dec. 29, 2014). Therefore, Riehl is entitled to the relief he now seeks (the benefit of the Amendment) regardless of the outcome of this appeal. See 18 U.S.C. § 3582 (c)(2). Consistent with our precedent, we should remand with instructions for the district court to consider whether Riehl is entitled to a sentence reduction in light of Amendment 782.[3]

---

[3]As far as the dissent is concerned, the only relief to which Riehl is entitled on remand is a *consideration* under 18 U.S.C. § 3582(c)(2) by the district court of whether his sentence should be reduced in light of Amendment 782. This judge appreciates the majority calling attention to the fact that Riehl is now entitled to such consideration. The majority recognizes that this consideration can be immediate on a timely motion.

-5-