# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-1960

_____

United States of America

*Plaintiff - Appellee*

v.

Martin Villalobos

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: February 12, 2015
Filed: April 15, 2015
[Unpublished]

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Martin Villalobos pled guilty to one count of distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and the district court[1]

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

sentenced him to 108 months of imprisonment and three years of supervised release. On appeal, Villalobos argues the district court erred in failing to recognize a pending Guidelines amendment as a valid ground for variance. Villalobos also argues the district court otherwise imposed an unreasonable sentence. We affirm.

In October 2013, Villalobos was indicted on four counts of distribution of methamphetamine. In January 2014, Villalobos pled guilty to count one of the indictment, pursuant to a guilty plea. Villalobos' Presentence Investigation Report (PSR) calculated his base offense level as 34, but decreased his offense level by three for acceptance of responsibility, resulting in a total offense level of 31, and a suggested Guidelines range of 108 to 135 months. At his sentencing hearing, Villalobos moved for a downward variance on several grounds, including his work history, lack of criminal history, the nature of his offense, and the collateral consequences resulting from his conviction. Additionally, prior to sentencing, Villalobos and the government jointly entered into a sentencing agreement that recommended the court vary downward by two levels based on a Guidelines amendment proposed by the United States Sentencing Commission. The amendment at issue proposed revising the Drug Quantity Table, used in the sentencing Guidelines, to lower the base offense level associated with various drug quantities in trafficking offenses. The district court declined to vary downward pursuant to the proposed Guidelines amendment, and also declined to vary downward on the other bases argued by Villalobos. The court sentenced Villalobos at the bottom of the range to 108 months of imprisonment. Villalobos appeals.

On appeal, Villalobos argues the district court refused to recognize the pending Guidelines amendment as a valid variance factor, and that this was a procedural error. When this court reviews sentences, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculate) the Guidelines range, . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain

the chosen sentence." United States v. Bridges, 569 F.3d 374, 378 (8th Cir. 2009) (alteration in original) (internal quotation omitted). A review of the record in this case clearly shows the district court recognized it had the authority to vary downward pursuant to the proposed Guidelines amendment, but declined to exercise its discretion to vary on that basis. Finding the district court's sentence procedurally sound, we review the sentence for substantive reasonableness under the abuse of discretion standard. Id.

Considering Villalobos' claim that the district court erred in declining to vary based on the proposed Guidelines amendment, our case law is clear that "'consideration of [a] pending amendment is merely permissible, not required.'" United States v. Riehl, 779 F.3d 776, 778 (8th Cir. 2015) (quoting United States v. Allebach, 526 F.3d 385, 389 (8th Cir. 2008)). The district court considered the joint motion and fully explained its decision for not prospectively applying the proposed Guidelines amendment. Accordingly, the district court did not abuse its discretion in declining to vary downward on that basis. Riehl, 779 F.3d at 778.

Villalobos additionally argues on appeal that his sentence was substantively unreasonable because the district court "gave too much weight to the fundamentally flawed methamphetamine guidelines, placed significant weight on an irrelevant factor–purity of the meth[–]and failed to properly gauge mitigating factors." A sentenced imposed within the Guidelines range, as is the case here, is typically accorded a presumption of reasonableness, United States v. Freeman, 718 F.3d 1002, 1005 (8th Cir. 2013), and the record demonstrates the district court only considered appropriate sentencing factors, and properly weighed those factors. Although Villalobos disagrees with the district court's application of the sentencing factors, "[t]he district court may give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal." United States v. Anderson, 618 F.3d 873, 883 (8th Cir. 2010). We find, the district court did not

-3-

abuse its discretion in sentencing Villalobos to 108 months' imprisonment. Accordingly, we affirm the judgment of the district court.

_____