**UNITED STATES COURT OF APPEALS**

**October 26, 2015**

**FOR THE TENTH CIRCUIT**

––––––––––––––––––––––––––––––––––

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LUIS ALFREDO DELGADO,

    Defendant-Appellant.

No. 15-6109
(D.C. No. 5:98-CR-00083-R-1)
(W. D. Oklahoma)

––––––––––––––––––––––––––––––––––

**ORDER AND JUDGMENT**[*]
––––––––––––––––––––––––––––––––––

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

––––––––––––––––––––––––––––––––––

    This appeal involves the denial of relief under 18 U.S.C. § 3582(c). Under this statute, a defendant can seek modification of a sentence based on a reduction in the guideline range. Mr. Delgado invokes § 3582 based on the U.S. Sentencing Commission's adoption of Amendment 782, which increased the threshold quantity required for a broad range of drug offenses. In light of the adoption of

---

[*]    The parties have not requested oral argument, and the Court concludes that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Amendment 782, Mr. Delgado asked the district court to reduce his sentence. The district court refused and Mr. Delgado appeals.

We affirm. As Mr. Delgado admits, Amendment 782 would not have affected his guideline range. Before and after adoption of this amendment, the guideline range would have been 292 to 365 months in prison.

When the guideline range is not affected, the Sentencing Commission's policy statements prohibit the district court from reducing the sentence under § 3582(c). In light of these policy statements, the district court properly disallowed a sentence reduction under § 3582(c). *See* U.S. Sentencing Guidelines § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range."); *see also United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (stating that because Amendment 706 would not have affected the defendant's guideline range, a sentence reduction under § 3582(c) was properly denied).

Mr. Delgado purports to rely on "the public policy and the purpose of Amendment 782." Appellant's Opening Br. at 4. But Mr. Delgado does not say how Amendment 782's public policy or purpose would support a sentence reduction. The amendment, by its terms, does not affect Mr. Delgado's sentence.

2

We cannot disregard the actual language of the amendment based on our perception of the drafters' "public policy" or "purpose." *See United States v. Riehl*, 779 F.3d 776, 778 (8th Cir. 2015) (per curiam) (rejecting a defendant's argument for reversal based on the district court's failure to consider the policy reasons underlying Amendment 782).

Though Mr. Delgado couches his argument in terms of "public policy" and "purpose," he is actually arguing that the original sentence was unconstitutional because the district court did not obtain jury findings on "relevant conduct." Appellant's Opening Br. at 5. That argument involves the original sentence, not a reduction in the guideline range under Amendment 782.

Mr. Delgado did not present this argument to the district court in his motion for a sentence reduction. As a result, Mr. Delgado's argument is forfeited. *See United States v. Lamirand*, 669 F.3d 1091, 1098-99 n.7 (10th Cir. 2012). Ordinarily, we would apply the plain-error standard of review. *See United States v. Dryden*, 563 F.3d 1168, 1170 (10th Cir. 2009). But Mr. Delgado has not argued for plain error. As a result, we decline to consider Mr. Delgado's argument. *See Lamirand*, 669 F.3d at 1098-99 n.7.

In these circumstances, we affirm the district court's denial of relief under § 3582(c).

Entered for the Court


Robert E. Bacharach
Circuit Judge