In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-2670

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EDDIE BELL,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:04-cr-00495-4 — **Rebecca R. Pallmeyer**, *Judge.*

SUBMITTED MAY 20, 2016* — DECIDED JUNE 10, 2016

Before RIPPLE, KANNE, and SYKES, *Circuit Judges.*

PER CURIAM. This case comes to us in a unique procedural
posture. Eddie Bell was convicted of conspiring to distribute

---

* This successive appeal has been sent to the original panel under Operating Procedure 6(b). After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

crack cocaine and of using a communications facility to commit a felony. *See* 21 U.S.C. §§ 841(a), 843(b), 846. We affirmed Mr. Bell's sentence following a limited remand. Mr. Bell then brought a collateral attack under 28 U.S.C. § 2255, arguing that his attorney had abandoned him in this court by not replying to the district court's response to the limited remand. Granting collateral relief, the district court authorized Mr. Bell to submit to us the reply his attorney had not filed. Upon review of that reply, we conclude that Mr. Bell's submission offers no reason for us to revise his sentence. We therefore affirm the judgment of the district court.

Because the history of this case is important to the resolution of the situation before us, we set forth that history in some detail. Mr. Bell, a member of a broad drug distribution conspiracy in Chicago, was convicted of conspiring to distribute crack cocaine and of using a communications facility to commit a felony. He was sentenced to 300 months' imprisonment, below the guideline range of 360 months to life. We affirmed Mr. Bell's conviction but ordered a limited remand so that the district court could tell us whether it was inclined to resentence Mr. Bell in light of "the 2007 Amendment to U.S.S.G. § 2D1.1 and *Kimbrough v. United States*, 552 U.S. 85 (2007)," which held that district courts were permitted to deviate from the guidelines' ratio for crack cocaine to powder cocaine. *United States v. Martin*, 618 F.3d 705, 739 (7th Cir. 2010) (parallel citations omitted); *see generally United States v. Taylor*, 520 F.3d 746, 748–49 (7th Cir. 2008) (detailing how district courts should conduct limited remand in light of *Kimbrough*).

On remand, the district court said that it did not wish to resentence Mr. Bell. The court first explained that Mr. Bell received the benefit of the 2007 amendment to the sentencing

guidelines because he was sentenced after it went into effect. Next, the district court advised that, because of Mr. Bell's extensive criminal history and attempts to diminish that history during the original sentencing hearing, "[u]nder no circumstances would a sentence shorter than 300 months be appropriate." Following the district court's order, we invited the parties to file their views on the appropriate disposition of the appeal. Neither side responded to that invitation (although Mr. Bell tried to challenge the district court's disposition through a separate and untimely pro se appeal that we dismissed as moot), and we affirmed Mr. Bell's sentence. *United States v. Martin*, Nos. 07-2272, 07-4010, 07-3893, 07-3940, 2011 WL 5519811 (7th Cir. Nov. 14, 2011).

Mr. Bell next brought a collateral challenge to his sentence under 28 U.S.C. § 2255. He argued (among other things) that his appellate attorney had abandoned him after the district court issued its order on remand. The district court agreed with Mr. Bell. It reasoned that Mr. Bell's appellate counsel did not tell him that we had asked for the parties' views on the district court's response to the limited remand, nor did counsel file a response; therefore, counsel denied Mr. Bell "access to the appellate proceeding." It also found that there was a reasonable probability that, but for counsel's deficient performance, Mr. Bell would have submitted his views, so he did not need to establish further prejudice. *See Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000). The court instructed Mr. Bell's new counsel to "pursue an appeal from [its] order declining to re-sentence Mr. Bell." Mr. Bell's counsel then filed a fresh notice of appeal in Mr. Bell's criminal case, which we docketed as this appeal.

The usual case of attorney abandonment occurs when an attorney has failed to file a direct appeal. In such a case, the attorney has unconstitutionally deprived the defendant of the opportunity to appeal. *Ryan v. United States*, 657 F.3d 604, 606 (7th Cir. 2011). The relief therefore afforded is a direct appeal following the entry of a new judgment in the underlying criminal case. *See, e.g., id.*; *United States v. Hirsch*, 207 F.3d 928, 931 (7th Cir. 2000); *Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir. 1994). The present case is different. The abandonment occurred during a *limited* remand. During a limited remand, we retain jurisdiction. The abandonment by Mr. Bell's attorney therefore occurred at the last stage of a *pending* appeal. To reflect this unique situation, the district court simply granted Mr. Bell a chance to tell us his views about the district court's answer to our inquiry.

The district court's relief attempted to reflect the posture of the appeal that Mr. Bell's counsel had abandoned. After granting his § 2255 motion, the district court therefore did not enter a new judgment in Mr. Bell's criminal case to restart the time to appeal. The Government insists that, without such a new judgment, Mr. Bell's fresh notice of appeal was untimely because the only judgment in the criminal case was the original judgment entered in 2007. Without a new judgment, the Government correctly contends, Mr. Bell's only recourse is to move to recall the mandate in his original appeal. *See generally Calderon v. Thompson,* 523 U.S. 538, 549–50 (1998); *McGeshick v. Choucair*, 72 F.3d 62, 63–64 (7th Cir. 1995).

We construe Mr. Bell's new notice of appeal as a motion to recall the original mandate. *See Patterson v. Crabb*, 904 F.2d 1179, 1180 (7th Cir. 1990) (construing a petition for a writ of

mandamus as a motion to recall a mandate). Upon examination of his submission to us, we note that his only discussion of the district court's decision on remand is to say that "[t]he district court had the authority to make that pronouncement, and Mr. Bell is not challenging that authority." Mr. Bell also presents no challenge to the reasonableness of his sentence.

Mr. Bell instead raises an argument outside the scope of our review. He contends we should remand this case so the district court may determine if it should lower his sentence in light of Amendment 782 to the sentencing guidelines. Amendment 782 reduced the base offense levels assigned to drug quantities, including those applicable to Mr. Bell, by two levels. U.S.S.G. app. C., amend. 782, p. 71 (2014). We cannot address Mr. Bell's argument, however, as it is unrelated to the only issue properly before us. Further, this form of retroactive relief is unavailable to a defendant on direct appeal. *See, e.g., United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015) (holding that a defendant could not seek relief on direct appeal "based on retroactive Amendment 782"); *United States v. Hayden*, 775 F.3d 847, 850 (7th Cir. 2014) ("Our handling of [the defendant's] direct appeal is not changed, however, by Amendment 782 having taken effect."); *United States v. Tatum*, 548 F.3d 584, 588 (7th Cir. 2008) (holding that another retroactive amendment to the sentencing guidelines involving a two-level reduction was not ground for a remand on direct appeal). Mr. Bell instead must file in the district court a motion under 18 U.S.C. § 3582(c)(2) raising this argument, allow the district court to rule on it, and then appeal from that order. *See United States v. White*, 582 F.3d 787, 799 (7th Cir. 2009). We note that he has filed such a motion in the district court.

Accordingly, in light of the district court's action, we recall our original mandate, consider Mr. Bell's submission, and affirm once again our judgment in his direct appeal.

It is so ordered.