**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2017[*]
Decided May 5, 2017

*Before*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3598

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 04 CR 495-4 |
| EDDIE BELL, | |
| *Defendant-Appellant*. | Rebecca R. Pallmeyer, *Judge*. |

## O R D E R

For years Eddie Bell and other gang members sold crack cocaine on the west side of Chicago. He was convicted of conspiracy to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), and using a telephone to commit felony drug crimes, *id.* § 843(b). His guidelines imprisonment range was 360 months to life. The district court sentenced him to 300 months, well below that range. After several appeals and a successful motion

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

under 28 U.S.C. § 2255, we affirmed Bell's sentence. *United States v. Bell*, 826 F.3d 378 (7th Cir. 2016). Then Bell pursued a motion in the district court to reduce his sentence based on a retroactive amendment to the United States Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2). The district court agreed with Bell that Amendment 782, which lowered the base offense level by two levels for almost every drug crime, reduced Bell's imprisonment range to 292–365 months. The court granted Bell's motion and imposed a new sentence of 292 months. That was the lowest possible sentence, the court explained, because U.S.S.G. § 1B1.10(b)(2)(A) generally limits a reduction under § 3582(c) to the minimum of the amended range.

Bell did not challenge that ruling within the 14 days allotted to appeal. *See* FED. R. APP. P. 4(b)(1)(A). Instead, 23 days after the district court had mailed its order to Bell, he sent the court a motion captioned as a "request to proceed pro se in a motion in request of reconsideration." This motion also relied on Amendment 782 and asked the district court to further reduce his sentence *below* his amended guidelines range. The district court denied this motion, again noting that § 1B1.10(b)(2)(A) forecloses a further reduction. Bell timely appealed that decision.

Bell's motion for "reconsideration" asking for an even lower sentence is actually an impermissible successive motion under § 3582(c)(2). That statute authorizes just one motion per retroactive change to the guidelines. *See United States v. Beard*, 745 F.3d 288, 290–92 (7th Cir. 2014); *United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). This is reason enough to affirm the district court's order. Anyway, the court already had given Bell the lowest possible sentence he could receive through a § 3582(c) motion based on Amendment 782. As the district court twice told Bell, a sentencing judge has no authority to impose a term of imprisonment "that is less than the minimum of the amended guideline range" when granting a reduction under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(b)(2)(A); *Dillon v. United States*, 130 S. Ct. 2683, 2691–92 (2010); *United States v. Cunningham*, 554 F.3d 703, 709 (7th Cir. 2009).

AFFIRMED.